# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 4:00-cr-00019-001-TRM-CHS |
| v. ) | |
| ) | |
| CHAD BYERS ) | |

## MEMORANDUM AND ORDER

CHAD BYERS ("Defendant") came before the Court for an initial appearance on May 12, 2021, in accordance with Rule 32.1 of the Federal Rules of Criminal Procedure on the Petition for Warrant for Offender under Supervision ("Petition") [Doc. 69].

After being sworn in due form of law, Defendant was informed of his privilege against self-incrimination under the 5th Amendment and his right to counsel under the 6th Amendment to the United States Constitution.

The Court determined Defendant wanted to be represented by an attorney and that he qualified for the appointment of an attorney to represent him at government expense. Consequently, the Court **APPOINTED** Attorney Damon Burk of Federal Defender Services of Eastern Tennessee, Inc., to represent Defendant.

Defendant was furnished with a copy of the Petition, and had an opportunity to review that document with his attorney. The Court determined that Defendant was able to read and understand the Petition with the assistance of his counsel. In addition, AUSA Kevin Brown explained to Defendant the specific charges contained in the Petition. Defendant acknowledged that he understood the charges in the Petition.

The Government moved Defendant be detained pending disposition of the Petition or further Order of this Court. The Court explained Defendant's right to a preliminary hearing and detention hearing and what those hearings entail. Defendant conferred with his counsel and waived the preliminary hearing; however, he requested a detention hearing. Defendant's counsel requested some additional time to prepare for the detention hearing. At counsel's request, the Court scheduled the detention hearing on **Monday, May 17, 2021, at 11:00 a.m.**

As scheduled, the undersigned conducted a detention hearing on Monday, May 17, 2021, at 11:00 a.m. Defendant was represented at the hearing by FDSET Attorney Damon Burk. The Government was represented by AUSA Perry Piper. The Government relied upon the sworn allegations in the Petition [Doc. 69]. Defendant relied upon a proffer of evidence made by Attorney Burk. Neither party called any witnesses. Both attorneys were given an opportunity to argue their

positions to the Court.

The Petition [Doc. 69] includes a recitation of the violations of various conditions of supervision committed by Defendant, *to wit*, Defendant must not commit another federal, state or local crime; Defendant must not unlawfully possess a controlled substance; Defendant must refrain from unlawful use of a controlled substance and submit to drug tests; Defendant must not interact with someone he knows is engaged in criminal activity; Defendant shall participate in testing and/or treatment for drug abuse as directed by the probation officer.[1] The Petition further sets forth a summary of facts, *to wit*: Defendant tested positive for methamphetamine on March 15, 2021; he tested positive for oxycodone on March 23 and 25, 2021; he tested positive for methamphetamine on April 8, 2021; and he failed to appear for drug tests on April 15 and 30, and May 6, 2021. Defendant admitted to his probation officer that he ingested methamphetamine on May 6, 2021, and planned to commit suicide on that day overdosing on pills.

With respect to the detention hearing, the undersigned is obligated to start with the rebuttable presumption that Defendant is a danger to any other person or to the community and that he poses a risk of flight. Based on the evidence adduced at the hearing, the Court concludes that Defendant has not overcome that presumption. To the contrary, the Court finds by clear and convincing evidence that Defendant is a danger to any other person or to the community and that he poses a risk of flight. Consequently, the Court **GRANTED** the motion to detain Defendant pending disposition of the Petition or further order of this Court.

It is, therefore, **ORDERED** that:

1. Counsel for Defendant and the Government shall confer and make best efforts to submit to the United States District Judge a proposed Agreed Order with respect to an appropriate disposition of the Petition for Warrant for Offender Under Supervision.

2. In the event counsel are unable to reach agreement with respect to an appropriate disposition of the Petition for Warrant for Offender Under Supervision, they shall request a hearing before the United States District Judge.

3. The Government's motion that Defendant be **DETAINED WITHOUT BAIL** pending further Order of this Court is **GRANTED**.

**ENTER**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE

---

[1] Conditions summarized for the sake of brevity.